UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE BURGOS, | : | |
| | : | |
| Plaintiff, | : | CIVIL NO. 3:CV-07-0981 |
| | : | |
| v. | : | (Judge Caputo) |
| | : | |
| Warden JANINE DONATE, *et al.*, | : | |
| | : | |
| Defendants. | : | |

# **M E M O R A N D U M**

## **BACKGROUND**

Plaintiff, Jose Burgos, an inmate at the Lackawanna County Prison ("LCP") in Scranton, Pennsylvania, commenced this *pro se* action by filing a civil rights complaint pursuant to the provisions of 42 U.S.C. § 1983. (Doc. 1). Defendants are: LCP Warden Janine Donate, LCP Associate Warden Timothy Betti, LCP Shift Commander Captain Chiarelli, and the Lackawanna County Commioners Office.

Plaintiff claims that LCP has inadequate legal assistance for its inmates, resulting in a denial of access to the courts. He alleges that Defendant Donate was notified of Counselor Peter White's failure to answer any grievances of requests. (Doc. 1 at 1). He also alleges that Defendant Donate was contacted directly in order to correct library deficiencies and that she neither responded nor took any action. (*Id.*) Plaintiff further alleges that Defendant Chiarelli is responsible for the selection of the law librarian and supply issues. (*Id.* at 2). He alleges that Defendant Betti has final say on the selection of the law librarian and that the County Commissioner's Office is responsible for library funding. (*Id.*)

As relief, Plaintiff seeks dismissal of his criminal matter, return of all of his property in the criminal matter, expungement of his criminal records, and fees and costs. (Doc. 1 at 2). For the following reasons, the complaint will be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915A.

## DISCUSSION

Plaintiff's complaint will be dismissed as legally frivolous under the provisions of Section 1915A of the Prison Litigation Reform Act (the "Act"). Pursuant to Section 1915A(b)(1) of the Act, a Court shall review a complaint in a civil action filed by a prisoner and dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. A district court may determine that process should not be issued if the complaint presents an indisputably meritless legal theory, or is predicated upon clearly baseless factual contentions. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989). Indisputably meritless legal theories are those "in which it is either readily apparent that the plaintiff's complaint lacks an arguable basis in law or that defendants are clearly entitled to immunity from suit." *Roman v. Jeffes*, 904 F.2d 192, 194 (3d Cir. 1990)(quoting *Sultenfuss v. Snow*, 894 F.2d 1277, 1278 (11th Cir. 1990)).

To state a viable § 1983 claim, Plaintiff must establish (1) that the alleged wrongful conduct was committed by a person acting under color of state law, and (2) that the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000). Both elements must be present to sustain a § 1983 action. The Court concludes

that Plaintiff's complaint fails to state a 42 U.S.C. § 1983 claim upon which relief may be granted.

The Constitutional principle implicated by Plaintiff's complaint is the right of access to the courts. It is well-settled that prison inmates have a constitutional right of meaningful access to law libraries, legal materials or legal services. *Bounds v. Smith*, 430 U.S. 817, 821-25 (1977). Failure to provide inmates with legal research material **or** trained legal assistance can establish a constitutional violation. *Gluth v. Kangas*, 951 F.2d 1504, 1507 (9th Cir. 1991). The Supreme Court has recognized that:

> "[t]he right that *Bounds* acknowledged was the (already well-established) right of *access to the courts* . . . Although [*Bounds*] affirmed a court order requiring North Carolina to make law library facilities available to inmates, it stressed that this solution was merely 'one constitutionally acceptable method to assure meaningful access to the courts. . . .'" *Lewis v. Casey*, 518 U.S. 343, 350-51 (1996).

However, the right of access to the courts does not extend to every imaginable area of legal endeavor. "*Bounds* does not guarantee inmates to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *(emphasis in original) Lewis*, 518 U.S., at 355. "*Bounds* did not create an abstract, freestanding right to a law library or legal assistance . . . ." *Lewis*, 518 U.S. at 351-54. In order to set forth a viable claim under *Bounds*, a plaintiff must **allege** an actual injury to his

litigation efforts; to establish actual injury, an inmate plaintiff must demonstrate that a non-frivolous legal claim had been frustrated or was being impeded.  *Id.* at 349.  This pleading requirement of actual injury stems "from the doctrine of standing, a constitutional principle that prevents courts of law from undertaking tasks assigned to the political branches . . . It is the role of courts to provide relief to claimants . . . who have suffered , or will imminently suffer, actual harm . . . ." *Id.*

Plaintiff has not alleged that he was unable to file or litigate a case in court.  Thus, Plaintiff fails to allege that his right of access to the courts was impeded such that he suffered an actual injury to his litigation efforts.  Accordingly, Plaintiff fails to state an access to the courts claim upon which relief can be granted.

Moreover, to the extent that Plaintiff challenges criminal charges pending against him or a conviction and is seeking a release of custody, Plaintiff must pursue such claims in a habeas corpus action rather than a § 1983 action.  *See Presider v. Rodriguez*, 411 U.S. 475, 500 (1973)(holding that writ of habeas corpus is sole federal remedy for prisoner challenging fact or duration of his imprisonment and seeking determination that he is entitled to immediate or speedier release).

Because Plaintiff fails to allege an actual injury, he fails to identify any deprivation of access to the courts which has been caused by Defendants' conduct.  Thus, Plaintiff has failed to satisfy the second prerequisite for a § 1983 action, and even the most liberal and accommodating interpretation of the Plaintiff's complaint will not redeem the pleading.  *See Roman*, 904 F.2d at 194.

Since plaintiff's complaint is based on an indisputably meritless legal theory, it will be dismissed, without prejudice, as legally frivolous. *See Neitzke*, 490 U.S. at 327-28. *See also Wilson*, 878 F.2d at 774. Under the circumstances, this Court is confident that service of process is not only unwarranted, but would waste the increasingly scarce judicial resources that § 1915A is designed to preserve. *See Roman*, 904 F.2d at 195 n.3.

## CONCLUSION

Because Plaintiff has not alleged actual injury resulting from Defendants' policies, he has not been deprived of his right of access to the courts, and he has failed to allege a deprivation of a right, privilege or immunity impaired by Defendants' actions. Therefore, Plaintiff's claim will be dismissed pursuant to 28 U.S.C. § 1915A.

An appropriate order will issue.

      s/ A. Richard Caputo
      A. RICHARD CAPUTO
      United States District Judge

Dated: November 9, 2007

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE BURGOS, | : | |
| | : | |
| Plaintiff, | : | CIVIL NO. 3:CV-07-0981 |
| | : | |
| v. | : | (Judge Caputo) |
| | : | |
| Warden JANINE DONATE, *et al.*, | : | |
| | : | |
| Defendants. | : | |

# O R D E R

**NOW, THIS 9th DAY OF NOVEMBER, 2007**, in accordance with the foregoing memorandum, it is hereby ordered as follows:

1. Plaintiff's application to proceed *in forma pauperis* (Doc. 2) is **GRANTED** for the limited purpose of filing this complaint.

2. The Complaint (Doc.1) is **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915A.

2. The Clerk of Court shall close this case.

3. Any appeal taken from this order will be deemed frivolous, without probable cause, and not taken in good faith.

                                                                 s/ A. Richard Caputo
                                                                 A. RICHARD CAPUTO
                                                                 United States District Judge